JOHN C. WILKIE ET AL., RESPONDENTS, v. LASH, INCOR-
PORATED, A CORPORATION, APPELLANT.

Argued October 21, 1937—Decided January 26, 1938.

For the appellant, *Vincent C. Duffy* (*J. Emil Walscheid*, of counsel).

For the respondents, *Robert Carey, Jr.*

The opinion of the court was delivered by

PARKER, J.  The determinative point on this appeal is the question whether there was error in admitting on plaintiff's case a letter to defendant from the chairman of the Michigan liquor control commission dated January 5th, 1934.  We are of opinion that there was error.

The suit was essentially for commissions (in a second count of the complaint it is called the fair and reasonable value of services rendered) in and about procuring an order from the Michigan commission to the defendant corporation for a large quantity of alcoholic beverages.

During the prohibition period Lash, Incorporated, had confined its activities to non-alcoholic beverages; but as repeal impended it prepared to enter the alcoholic field.  Lash, Incorporated, had a salaried employe named McGrath, with headquarters at Detroit.  Plaintiffs solicited from defendant the exclusive agency for Michigan, and claimed that such exclusive agency had been agreed upon for a year, covering the time of the sale in question, and that a specified rate of com-

mission had been agreed on. This was denied, and became a question for determination by the jury. Plaintiffs further claimed that they had secured the large order above mentioned. This was also denied, defendant claiming that McGrath had obtained that order. On this second branch of the case, it was of course necessary for the plaintiffs to show that the order was given as a result of their efforts in the premises. To substantiate this, plaintiffs offered, and the court admitted over objection of incompetency as hearsay evidence, a letter to Lash, Incorporated, from the chairman of the liquor control commission, reading as follows:

State of Michigan<br>
Liquor Control Commission<br>
Executive Committee<br>
Frank A. Picard, Chairman<br>
V. F. Gormley       Dean Halford<br>
Lansing<br>
January 5, 1934.

Lash, Incorporated
Brighton Avenue
Clifton, New Jersey

Gentlemen: Sometime last week Mr. Murphy and Mr. Wilkie, whom we knew represented your company in the State of Michigan for some time, dropped in and presented figures to us on certain gins, whiskies and bitters to be sold to the Commission. They took up considerable of our time and we finally agreed to give them an order.

Sometime later a gentleman by the name of McGrath came here representing himself as the direct representative of your company. He said he came from the Chicago branch. It is the desire of this commission to buy direct from the company, if possible, but we have no objection to your having agents. We, believing that Mr. McGrath represented you direct, turned the order over to him, and it has been filled.

We now desire to apprise you that both Mr. Murphy and Mr. Wilkie are known to the members of this Commission, and favorably so, that if anybody can get orders for Lash's

products from this Commission these gentlemen can, but that neither pull, friendship nor influence counts—it is price and quality. We have no objection to your selecting your own agent, but if it has been represented to you, either directly or indirectly, that these gentlemen are *persona non grata* with this Commission, we desire to inform you to the contrary. In all fairness we believe that they should receive the commission that is due them for getting this order; and if Mr. McGrath inferred that it was through the influence of some Michigan friends of his that he obtained the order, he is entirely incorrect.

Very truly yours,

PICARD,

FAP:LD                                  Chairman."

This letter was read in full as part of the charge. It was hearsay of the plainest kind; and obviously intended to assure the reader of the services and influence of Wilkie, one of the plaintiffs, in procuring the order, even if it was given to McGrath. The jury found generally for plaintiffs, so that we cannot tell on what theory they so found. On one theory it was certainly harmful error; and on any theory it was incompetent.

The judgment will be reversed to the end that *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.